UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

KENNETH HENNRICK, M.D.,

                Plaintiff,

      -against-

MIR SCIENTIFIC, LLC,

             Defendant.

------------------------------------------------------- X

Case No. 1:21-cv-04945-LGS

**STIPULATED PROTECTIVE ORDER AND FRE 205(D) AND (E) CLAWBACK ORDER**

WHEREAS, Plaintiff Kenneth Hennrick ("Plaintiff") and Defendant miR Scientific, LLC ("Defendant"), (collectively, the "Parties") in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of highly confidential, non-public, sensitive, and/or proprietary scientific data, employee, business, tax, financial, medical and personally identifiable information, documents and other materials, including but not limited to information about the applications Defendant has filed with the United States Food and Drug Administration (FDA) for approval Breakthrough Device Designation, the process for those filings, and Defendant's business agreements with third parties, on the grounds that such information constitutes confidential and trade secret information the disclosure of which may injure Defendant;

WHEREAS, the Parties have agreed to produce such documents only on the agreement that such "Confidential" information or item will be disclosed only as provided herein;

WHEREAS, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request or informal production;

WHEREAS, certain of Plaintiff's allegations in his Complaint have been sealed by the Court pursuant to Defendant's request for same due to the highly confidential information contained in the Complaint;

WHEREAS, both Parties wish to complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

WHEREAS, this Stipulated Protective Order and Clawback Order (the "Order") is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Producing Party;

    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Order is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date Plaintiff and Defendants' counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the Parties seek the entry of the Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein designated as "Confidential" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS**:

1.      This Stipulation and Protective Order of Confidentiality (the "Order") shall apply to any documents or information that the Parties provide during discovery in this action (the "Action") and designate as confidential.  Documents and information that may be designated as confidential for the purposes of this Action shall include but are not limited to the personnel information relating to individuals other than the plaintiff in this litigation, proprietary scientific data, business, tax, financial, medical and personally identifiable information, documents and other materials, including but not limited to information about the applications Defendant has filed with the United States Food and Drug Administration (FDA) for approval Breakthrough Device Designation, the process for those filings, and Defendant's business agreements with third parties, and all communications involving any of the foregoing areas ("Confidential Material").  The Parties shall act in good faith in designating documents or information hereunder as Confidential Material.  This Order also shall apply to Confidential Material used or revealed during a deposition or in answers to interrogatories.  The Parties shall address with the Court at the final pretrial conference the use of Confidential Material at a hearing or trial or other proceeding.  It is agreed and understood by the Parties that such documents and/or information may contain highly confidential and/or proprietary information.

2.      All materials designated as Confidential Material shall be clearly marked "CONFIDENTIAL" on the face of the document.

3.      In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

4.      Materials marked "CONFIDENTIAL" pursuant hereto and their contents shall be used solely for purposes of this Action and not for any other purpose, and shall not be disseminated

by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

(a)     Counsel of record for the Parties, and the paralegal, clerical and secretarial staffs employed by such counsel, only to the extent necessary to render professional services in this Action;

(b)     Plaintiff;

(c)     Defendant;

(d)     the Court in which this Action is pending;

(e)     Employees of Defendant whom Defendant determines may have knowledge of the underlying dispute and/or may serve as witnesses in this matter;

(f)     Experts and consultants retained by the Parties' counsel in connection with this Action, who are assisting the Parties' counsel in the prosecution or defense of this Action and who agree in writing to be bound by the provisions of this Order by executing the Agreement attached as Exhibit A hereto;

(g)     Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this Action; and

(h)     Subpoenaed witnesses and witnesses noticed for deposition, so long as any subpoenaed or noticed witness has been identified in discovery as a person with knowledge of relevant facts.

5.     All records containing Confidential Material provided by a party or by a third party shall also be covered by this Order and be deemed "CONFIDENTIAL."  This Order does not substitute for or limit any obligation imposed on the Parties by HIPAA or any other applicable law.

6.     Prior to disclosure by the Parties or their attorneys of any Confidential Material to

any person referred to in paragraphs 4(f) and 4(h) of this Order, the Parties' counsel shall provide such person with a copy of this Order and that person must agree to be bound by its terms by executing the form annexed hereto as Exhibit A.

7.      No document or information actually comprising or containing Confidential Material shall be filed in any Court until the party who designated same as "CONFIDENTIAL" is given sufficient opportunity to file such Confidential Material under seal.  No documents or information filed under seal shall be made available to third parties or the public, except by further order of this Court, a subsequent written agreement executed by the Parties or in accordance with the terms of this Order.

8.      Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

9.      All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials.

10.      The Parties may object to the designation of any document or information as "CONFIDENTIAL" by presenting a motion to the Court for an in-camera inspection and/or a determination regarding confidentiality within 30 days after having received it.  Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential.  The burden of establishing confidentiality remains at all times on the party asserting confidentiality.

11.      This Order shall not:  (a) prejudice in any way the right of a party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a party to seek a court determination of whether particular discovery material should be produced; (c) prejudice in any way the right of a party to object to the introduction into

evidence of any documents or information it considers inadmissible; or (d) prejudice in any way a party's right to use its own documents or information, which may or may not have been designated by a party as "CONFIDENTIAL," in any manner without consent of the opposing party or Court.

12.     The Parties (and their counsel, where applicable) shall maintain all Confidential Material in a secure manner so as to avoid disclosure of its contents.

13.     Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by Plaintiff and Defendant's counsel, to withdraw a "CONFIDENTIAL" designation in connection with any motions or the trial of this Action.

14.     All Confidential Material shall be returned as follows:

(a)     Within thirty (30) days of the conclusion of the litigation, and subject to sub-paragraphs (d) and (e) below, all Confidential Material, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing party.  In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all such Confidential Material, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

(b)     If Confidential Material is furnished to outside experts or consultants pursuant to paragraph 3, the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Material, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party

or destroyed, and so certifying in writing as provided in sub-part (a) above.

(c)     If Confidential Material has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential Material (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(d)     Counsel of record for the parties may retain copies of any part of the Confidential Material produced by others that has become part of the docket and/or counsel's official case file for this litigation as well as abstracts or summaries of materials that reference Confidential Material that contain counsel's mental impressions or opinions.  Such copies shall remain subject to the terms of this Agreement.

(e)     The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential Material to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Material is not returned or destroyed due to the foregoing reasons, such Confidential Material shall remain subject to the confidentiality obligations of this Agreement.

15.     This Order shall be, and is hereby, adopted by the undersigned, as an Order of this Court, submitted to the Court for signature, which shall be effective *nunc pro tunc* to the date hereof.

16.     The inadvertent, unintentional or in camera disclosure of Confidential Material shall not be deemed a waiver of any claims of confidentiality.

17.     CLAWBACK AGREEMENT: Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b)     The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)     If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected  Document"):

(d)     the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been

loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(e)     If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(f)     If, during the course of this litigation, a party determines it has produced a Protected Document:

(i)     the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed,

and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii)     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(g)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 15(c)(ii) and 15(d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(h)     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the

Receiving Party is prohibited and estopped from arguing that:

(i)      the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)     the disclosure of the Protected Documents was not inadvertent;

(iii)    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)     the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(i)      Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

(j)      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(k)      Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(l)    Once executed by all parties, this Stipulation shall be treated by the parties as an Order of Court until it is formally approved by the Court.

(m)    By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

18.    This Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Agreement of this Court or by the written stipulation of the parties filed with the Court.

19.    The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**So Stipulated and Agreed:**

By: _____
Casey Wolnowski
NISAR LAW GROUP, P.C.
One Grand Central Place
60 East 42nd St., Ste. 4600
New York, NY 10165

By: _____
Eric A. Savage
Barbara A. Gross
Alexa J. Laborda Nelson
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022

Dated:   December 13, 2021

Dated:   December 13, 2021

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions. The parties are further directed to follow the Court's Individual Rule I.D.3 regarding motions for approval of sealed or redacted filings.

So Ordered.

Dated:  December 15, 2021
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X

KENNETH HENNRICK, M.D.,

               Plaintiff,

      -against-

MIR SCIENTIFIC, LLC,

              Defendant.

---------------------------------------------------- X

INDEX NO. 1:21-cv-04945-LGS

**AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER**

I, _____ [print or type full name], of _____

_____ [print or type full
address], declare under penalty of perjury that I have read in its entirety and understand the
Stipulated Protective Order that was issued by the United States District Court for the Southern
District of New York in the case of *Kenneth Hennrick v. miR Scientific, LLC*, Case No: 1:21-cv-
04945-LGS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective
Order and I understand and acknowledge that failure to comply could expose me to sanctions. I
solemnly promise that I will not disclose in any manner any information or item that is subject to
this Stipulated Protective Order to any person or entity except in strict compliance with the
provisions of this Order. I will limit use of Confidential Material disclosed to me solely for purpose
of this action. No later than the final conclusion of the case, I will return or destroy all Confidential
Material and summaries, abstracts, and indices thereof which come into my possession, and
documents or things which I have prepared relating thereto, to counsel for the party for whom I
was employed or retained.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____      _____