

**Littler Mendelson P.C.**
900 Third Avenue
New York, New York  10022.3298


Eric A. Savage
212.583.2695 direct
212.583.9600 main
973.215.2620 fax
esavage@littler.com

December 28, 2021

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Kenneth Hennrick, M.D. v. miR Scientific, LLC*, Case No. 1:21-cv-04945 (LGS)
       Request for Extension of Time to Answer, Move or Otherwise Respond to the Complaint

Dear Judge Schofield:

We represent miR Scientific, LLC (the "Company") in the above matter in which Your Honor issued an Opinion and Order (the "Order") dated December 21, 2021 granting the Company's motion to dismiss Counts I and II of the Complaint.  We write to request that limited aspects of the Order be sealed in a manner consistent with the Order issued by the Court on June 29, 2021 (Dkt. No. 10).

On June 25, 2021, the Company filed a letter (Dkt. No. 9) asking that portions of the Complaint be sealed to "redact and shield from public view highly confidential business information currently available to the public in the Complaint, such as research data for the Sentinel™ Prostate Cancer Test, information about the applications it has filed with the United States Food and Drug Administration ("FDA") for Breakthrough Device Designation and the process for those filings, and miR Scientific's business agreements with third parties, on the grounds that such information constitutes confidential and trade secret information the disclosure of which may injure the Company."  As we stated in that letter, the information on those subjects which appeared in the Complaint was not and is not publicly reported or accessible and represents years of scientific research and the Company's investment in the development of its products. In addition, the FDA and New York State Department of Health submissions referred to in the Complaint were not and are not public documents but are in fact confidential.

The material which appears in the Order, beginning with the first full paragraph on page 2 and continues through the end of Section I on page 3, and the first full paragraph on page 8, recites aspects of the same allegations which prompted the Company's concern in June. In the Company's view, this material should be shielded from public view, as the Court determined six months ago.

Hon. Lorna G. Schofield, U.S.D.J.
December 28, 2021
Page 2

We recognize now, as we did then, the presumption in favor of public access to judicial documents, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). However, at the same time, courts in this Circuit have recognized that a party's interest in protecting confidential business information may outweigh the presumption of public access. See *Encyclopedia Brown Prods., Ltd. v. Home Box Office*, 26 F. Supp. 2d 606, 612 (S.D.N.Y.1998) (sealing portions of record, noting that "[p]otential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial") (citations omitted); *In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n.4 (2d Cir. 2009) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."); see also *Banco Santander (Brasil), S.A. v. American Airlines, Inc.*, 20-CV-3098, 2020 WL 4926271 (E.D.N.Y Aug. 21, 2020) (granting motion to seal certain paragraphs of a complaint, holding "…where, as here, the material at issue could harm a corporation's competitive standing if disclosed, that interest can justify limited redactions."). "[A] trade secret is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Softel v. Dragon Med. & Scientific Communications*, 118 F.3d 955, 968 (2d Cir. 1997) (quoting Restatement of Torts cmt. b at 5 (1939)), cert. denied, 523 U.S. 1020, 118 S.Ct. 1300, 140 L.Ed.2d 466 (1998).

The proposed sealing of these two portions of the Opinion is necessary to protect the Company's research and development information, which represents core trade secrets of the Company. See *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis With Kinectiv Tech. & VerSys Femoral Head Prod. Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 1625390, at *2 (S.D.N.Y. Apr. 27, 2021) ("The redactions are warranted because if the redacted portions were made public, they would reveal confidential trade secret information, research and development information, marketing strategy, sales data, and information gleaned from internal tests and investigations, by which Zimmer's competitors could use to gain an unearned competitive edge (thereby causing Zimmer a competitive injury")) (citations omitted). The Company's competitors may also seek to exploit Plaintiff's allegations for competitive gain, harming the Company's competitive standing in developing proprietary breakthrough medical technologies. Accordingly, the proposed Sealing is necessary to protect the Company from irreparable harm.

Granting the requested relief will not prejudice Plaintiff, who will remain free to pursue his claims in full. By contrast, the Company faces significant risk if the factual material now available on the public record remains available for review and inspection.

We therefore request that the material beginning with the first full paragraph on page 2 and continues through the end of Section I on page 3, and the first full paragraph on page 8 be sealed from the public record. We have sent the proposed letter to counsel for plaintiff and he advises

Hon. Lorna G. Schofield, U.S.D.J.
December 28, 2021
Page 3

that he takes no position on the foregoing request and neither consents to or opposes this application.

We remain available for any conferences that Your Honor may deem necessary.

Respectfully submitted,

*/s/ Eric A. Savage*

Eric A. Savage

Defendant's application for the Opinion at Dkt. No. 48 to be redacted is **GRANTED** provisionally pending a ruling on the following:  Defendant shall file by **January 10, 2022**, a letter brief with legal authority explaining why the referenced portions of the Opinion and corresponding portions of the Complaint should be redacted, including why the mere fact of Plaintiff's allegations are subject to redaction (as they do not appear to disclose any proprietary business information about Defendant's product, such as how it is made), and stating why both the Complaint and the Opinion should not be published in full.  Plaintiff shall respond by letter filed by **January 20, 2022**.

The Clerk of Court is respectfully directed to seal the Opinion at Dkt No. 48, with access to be provided only to Plaintiff's and Defendant's counsel of record, and to close the motion at Dkt. No. 50.

Dated:  January 3, 2022
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE