```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                              :
KENNETH HENNRICK,                             :
                            Plaintiff,        :        21 Civ. 4945 (LGS)
                                              :
            -against-                         :        ORDER
                                              :
MIR SCIENTIFIC, LLC,                          :
                            Defendant.        :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, on June 25, 2021, Defendant filed a motion to redact and file under seal an unredacted version of the Complaint at Docket No. 1. (Dkt. No. 9.)

  WHEREAS, the June 29, 2021, Order granted Defendant's motion. (Dkt. No. 10.)

  WHEREAS, on December 28, 2021, Defendant filed a motion to redact portions of the Court's December 21, 2021, Opinion and Order. (Dkt No. 50.)

  WHEREAS, on January 3, 2022, the Court provisionally granted Defendant's motion and directed the parties to file letter briefs with legal authority explaining why the referenced portions of the Opinion and corresponding portions of the Complaint should be redacted and stating why both the Complaint and the Opinion should not be published in full. (Dkt. No. 51.)

  WHEREAS, on January 10, 2022, Defendant filed a letter in support of its motion (Dkt. No. 52), on January 20, 2022, Plaintiff filed a letter in response (Dkt. No. 55) and on January 24, 2022, Defendant filed a letter in reply (Dkt. No. 56).

  WHEREAS, a three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Saadeh v. Kagan*, No. 20 Civ. 1945, 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the

judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted).  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*.  The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the presumption of public access applies.  As the Complaint's allegations were central to the Court's Opinion on the motion to dismiss, both documents are plainly judicial documents.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (holding that a complaint is a judicial record subject to a presumption of public access); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13 Civ. 2581, 2021 WL 4135007, at *2 (S.D.N.Y. Sept. 10, 2021) ("Because the information defendants wish to redact was submitted for the Court's consideration in response to plaintiffs' motion for sanctions and was related to the Court's decision, the information is plainly included as part of judicial documents.").

WHEREAS, the weight of the presumption is significant given that at least some of the information Defendant seeks to redact was used as part of the Court's analysis and "the public would likely need access to the information . . . in order to understand the issues before the Court and evaluate the Court's reasoning."  *CBF Industria de Gusa S/A*, 2021 WL 4135007, at *3

(alteration in original).  For example, the Complaint's allegations regarding Plaintiff's investigation of Defendant's FDA and NYSDOH applications were integral to the Court's conclusion that Plaintiff did not engage in a protected activity and that Defendant was not aware of such activity.  *See, e.g.*, *In re SunEdison, Inc. Sec. Litig.*, No. 16 Civ. 7917, 2019 WL 12043498, at *2 (S.D.N.Y. Sept. 25, 2019) ("[U]nderlying materials [were] afforded a high presumption of public access" because they were "an important part of defendants' opposition . . . that was discussed in detail by the Court."); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 170 (S.D.N.Y. 2018) ("In order to evaluate that claim, the Court would need to review and analyze the [proposed redacted information]; thereafter, the public should be able to see what the Court relied on in issuing its Opinion.  The public would have no way to make sense of the Court's analysis testing this claim with only partial or limited access to the [proposed redacted information].").

WHEREAS, Defendant argues that its interest in protecting confidential business information and trade secrets outweighs the presumption of public access.  (Dkt. Nos. 52, 56.) Defendant argues that its "trade secrets are found in various redacted Paragraphs of the Complaint and Order, including in Paragraphs 32, 35, 37, 40, 41, and 43 of the Complaint" and that "[m]any of the redacted sections of the Complaint and Order could be used by the Company's competitors to exploit Plaintiff's allegations for competitive gain," including "the information alleged in Paragraphs 49, 54, 57, 65, and 66 of the Complaint, and Paragraph 34 of the Complaint and the last sentence of the second full paragraph on page 2 of the Order."  (Dkt. No. 52 at 2-3.)

WHEREAS, upon review of the paragraphs of the Complaint in question, although none include any proprietary business information about Defendant's product, such as how it is made,

3

several include specific data and Plaintiff's concerns regarding flaws in Defendant's FDA or NYSDOH applications. None of this data, however, is reproduced in the Court's December 21, 2021, Opinion and Order. Accordingly, Defendant has not met its burden to show that its interest in protecting this information outweighs the presumption of public access to the full Opinion. *See Bernstein*, 814 F.3d at 142-46. It is hereby

**ORDERED** that, Defendant's motion to seal the December 21, 2021, Opinion and Order is **DENIED**.

The Clerk of Court is respectfully directed to unseal Docket No. 48.

Dated: March 3, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE